STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 4, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DANIEL J. MONTE,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0502** (BOR Appeal No. 2048970)
                    (Claim No. 2009083552)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer/Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Daniel J. Monte, by William C. Gallagher, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon H. Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 28, 2014, in which the Board reversed an October 18, 2013, Order of the Workers' Compensation Office of Judges and reinstated the claims administrator's December 18, 2012, decision closing the claim for vocational rehabilitation benefits. In its Order, the Office of Judges had reversed the claims administrator's decision and reopened the claim for vocational rehabilitation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Monte worked for RG Steel Wheeling, LLC. On March 10, 2009, he fractured his left wrist when he slipped and fell. It was later determined that he had also torn his rotator cuff in his left shoulder. The claims administrator held the claim compensable. Mr. Monte underwent surgery for his left shoulder as well as physical therapy. Following a course of therapy on his wrist, Mr. Monte was referred to Working Options, Inc., for vocational rehabilitation services. Mr. Monte first contacted Working Options, Inc., for rehabilitation services on August 22, 2011. Frank Collelo, M.S., C.R.C., Q.R.P., the counselor at Working Options, Inc., initially attempted to return Mr. Monte to work with RG Steel Wheeling, but when this attempt was unsuccessful, Mr. Collelo initiated the job search phase of the services. Mr. Collelo determined that Mr. Monte had some undergraduate training in commercial art and design. As part of the services, Mr. Collelo provided Mr. Monte with training in interviewing and resume writing. He also provided Mr. Monte with some computer training. Mr. Monte made approximately 400 job contacts while receiving services from Working Options, Inc.

On September 24, 2012, after Mr. Monte had received over a year of vocational rehabilitation services from Working Options, Inc., the claims administrator contacted Mr. Collelo and requested that he close the claim. The claims administrator indicated to Mr. Collelo that Mr. Monte's claim would be reopened for additional rehabilitation services with a West Virginia provider. The same day, the claims administrator referred Mr. Monte to GENEX Services and authorized ten hours of rehabilitation plan development. Catherine L. Phillis-Harvey, M.S., C.R.C., Q.R.P., a case manager for GENEX Services, then made contact with Mr. Monte and developed a vocational rehabilitation plan under which Mr. Monte was required to make job search contacts and submit logs of those contacts to her on a weekly basis. Ms. Phillis-Harvey also stated that she would evaluate Mr. Monte's rehabilitation needs and develop a plan for him. The claims administrator then authorized rehabilitation benefits from September 24, 2012, through October 24, 2012. Ms. Phillis-Harvey sent a letter to Mr. Monte stating that his benefits would be discontinued at the end of this authorized period. The claims administrator also issued Mr. Monte a suspension notice informing him that, because he had already received the necessary skills for locating and securing alternative employment, he no longer needed additional vocational rehabilitation services. The claims administrator informed him that his claim would be closed on December 2, 2012, unless additional evidence was submitted justifying the continuation of benefits. On December 18, 2012, the claims administrator closed Mr. Monte's claim for vocational rehabilitation benefits. Mr. Monte then testified by deposition that he had not received adequate vocational assistance from GENEX Services or Ms. Phillis-Harvey. He testified that he had only communicated with her over the phone and that she did not help him make any additional employment contacts. Mr. Monte further testified that he was willing to be retrained and make additional employment contacts if his vocational rehabilitation plan was reopened. On October 18, 2013, the Office of Judges reversed the claims administrator's closure of the claim and ordered that it reformulate a rehabilitation plan for Mr. Monte. The Office of Judges also ordered that Mr. Monte be paid temporary total disability benefits during the period of the rehabilitation plan. The Board of Review reversed the Order of the Office of Judges and reinstated the claims administrator's decision on April 28, 2014, leading Mr. Monte to appeal.

The Office of Judges concluded that the claims administrator did not fulfill its shared responsibility to provide Mr. Monte with alternative employment. It determined that, despite Mr. Monte's motivated attempts to find gainful employment, the claims administrator was merely "going through the motions" of rehabilitating him instead of actually assisting him in re-entering the work force. The Office of Judges found that the services provided by GENEX Services were not sufficient to fulfill the claims administrator's shared responsibility under West Virginia Code § 23-4-9 (2005).

The Board of Review concluded that the Office of Judges was clearly wrong in view of the evidence on the whole record. It found that Mr. Monte had been provided sufficient vocational training and skills necessary to locate suitable gainful employment. The Board of Review also determined that he did not need any additional vocational rehabilitation services in order to conduct further job searches. It found that the claims administrator properly closed the claim for vocational rehabilitation benefits.

We agree with the conclusions and the findings of the Board of Review. The evidence in the record demonstrates that the rehabilitation plans conducted by Working Options, Inc., and GENEX Services provided sufficient vocational training and employment contacts to fulfill the claims administrator's responsibility under West Virginia Code § 23-4-9 to assist Mr. Monte in returning to suitable gainful employment. Although Mr. Monte testified that he would be willing to participate in another rehabilitation plan, there is no indication that additional services or training would help him return to suitable employment. He has already received over a year of vocational services, which included resume building, computer training in commercial art, and job search assistance. Mr. Monte has not been able to find suitable gainful employment. The claims administrator, however, has provided him sufficient assistance in returning to the work force, and it properly closed his claim for vocational rehabilitation benefits.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 4, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum

3